IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KAMEHAMEHA KANE, #A0702233, | ) ) ) | CIV. NO. 06-00055 JMS-KSC |
| Plaintiff, | ) ) | ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915A |
| vs. | ) ) | AND ORDER DENYING AS MOOT DEFENDANT'S MOTION |
| STATE OF HAWAII, et al., | ) ) | TO DISMISS |
| Defendants. | ) ) | |
| _____ | ) | |

**ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915A AND ORDER DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS**

On January 30, 2006, *pro se* plaintiff Kamehameha Kane, a State of Hawaii inmate incarcerated at Kulani Correctional Facility ("KCF"), filed this prisoner civil rights action alleging a violation of 42 U.S.C. § 1983 and various claims under Hawaii State law.  For the following reasons, the court dismisses Defendant State of Hawaii ("State"), and dismisses claims for damages and claims alleging violations of state law against all remaining Defendants in their official capacities pursuant to 28 U.S.C. § 1915A(b)(2).[1]

---

[1] This matter is suitable for disposition without a hearing pursuant to Local Rule LR7.2(d).

# BACKGROUND

Kane names the State of Hawaii, KCF physician Gary Saldana, KCF nurse Ida Perez, and numerous Does Defendants, as defendants to this action. Saldana and Perez are named in their official and individual capacities.

Kane states that Dr. Saldana diagnosed him with a chronic physical injury and placed him on the KCF medical disabled list, which precluded Kane from working at the prison. Kane alleges that despite this, Perez ordered him to report to the KCF landscaping workline on March 12, 2004. Kane alleges that after he did so he was required to "carry tools and walk distances," which resulted in "severe pain and suffering." (Compl. ¶¶ 13-16.)

According to Kane, he was summoned to the KCF Medical Unit on March 15, 2004. When he arrived, Kane alleges Perez "terroristically" threatened him for filing a grievance over the incident. Kane claims that Perez told him that, "if you don't take back this grievance I will write you up and ship you back to Halawa." (*Id.* ¶ 20.) Kane says that the landscaping supervisor with whom he was working when he was injured, as well as other "supervisors" were present when Perez allegedly made these threats, and did not summon help or stop her. (*Id.* ¶ 21.) Kane alleges that he has since been denied medical care for his injury, and has been "continuously, repeatedly, terroristically threatened" by Perez to rescind

2

his grievance against her.  (*Id.* ¶ 24.)

Kane alleges that Defendants' actions violated the Eighth Amendment as well as various state laws.  Kane seeks compensatory and special damages, court costs, and "pre-and-post judgment interest."  (*Id.* at pp. 13-14, Prayer for Relief.)

## LEGAL STANDARD

The court dismisses all claims against the State, as well as claims against the other Defendants in their official capacities, pursuant to 28 U.S.C. §§ 1915A.[2]  Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.*; *see also* 28 U.S.C. § 1915A(b)(1), (2).

The court must construe *pro se* pleadings liberally and afford the *pro*

---

[2] On March 13, 2006, the State filed a motion to dismiss the State as a defendant and all state law claims pursuant to Fed. R. Civ. P. 12(b)(6).  Because the court is ruling on this matter based on its screening obligation under 28 U.S.C. § 1915A(a), the court need not rule on the State's motion and therefore denies it as moot.

*se* litigant the benefit of any doubt. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001). "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "Unless it is absolutely clear that no amendment can cure the defect . . . , a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

4

Pursuant to the Eleventh Amendment, states cannot be sued in federal court, whether by their own citizens or citizens of another state.  *Papasan v. Allain*, 478 U.S. 265, 275 (1986); *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).  Similarly, courts have held that a suit for damages against state officials, in their official capacity, constitutes a suit against the state itself and therefore is barred by the Eleventh Amendment.  *Kentucky v. Grahm*, 473 U.S. 159, 166-67 (1985).

States and state officials may, however, be held to answer in federal court in two limited circumstances:  where the state waives its sovereign immunity, and where Congress expressly abrogates state sovereign immunity with respect to a particular federal cause of action.  *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1991) (noting that Eleventh Amendment immunity is waivable); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979) (holding that Congress may abrogate Eleventh Amendment immunity in certain circumstances).

As an initial matter, the State has not waived its immunity in this case.  Without the States's consent, these claims cannot proceed unless the statute pursuant to which Kane sued override the state sovereign immunity.

Section 1983 does not abrogates states' immunity from suit in federal

court.  Courts have consistently held that the Eleventh Amendment bars § 1983

suits against the states.  *See Edelman v. Jordan*, 415 U.S. 651, 677 (1974) (holding

that § 1983 does not override a state's Eleventh Amendment immunity); *Cerrato*

*v. San Francisco Community College Dist.*, 26 F.3d 968, 972, 975 (9th Cir. 1994)

(holding that the Eleventh Amendment bars §§ 1983, 1985, and 1986 claims

against state).

   The Eleventh Amendment also bars these claims against the named

defendants in their official capacities to the extent that Kane seeks retrospective or

compensatory damages.  *Blaycock v. Schwinden*, 862 F.2d 1352 (9th Cir. 1988)

("[A] suit against state officials that seeks retroactive money damages, to be paid

from the state treasury, is barred by the eleventh amendment as a suit against the

state."). [3]

   Kane also asserts claims against state defendants under Hawaii State

Law.  For example, he alleges the actions taken against him "constitutes the torts

[sic] of negligence under the law of the State of Hawaii."  He also alleges

"Terroristic Threatening Denial of Medical Care."  The court finds that the

---

  [3] The Supreme Court has also held that neither a state agency nor a state official is a "person" under § 1983.  *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 64, 71 (1989).  The defendants in their official capacities, therefore, are not subject to liability under § 1983 even absent their Eleventh Amendment immunity.

Eleventh Amendment bars Kane's state law claims against the State and the named defendants in their official capacity.

Although the State has waived its sovereign immunity as to some state tort and statutory claims, it has done so only with respect to actions brought in state court.  HRS § 662-3 states that "the circuit courts of the State and . . . the State district courts shall have original jurisdiction of all tort actions on claims against the state."  HRS § 661-1 similarly grants the state courts jurisdiction over "[a]ll claims against the State founded upon any statute of the State[.]"  Nothing in the language of these statutes suggests that Hawaii intended to subject itself to suit in federal court.  Moreover, the Hawaii legislature has specifically declared that it intended §§ 662-3 and 661-1 to extend jurisdiction to state district courts, but not to federal district courts.  *See* Act 135 of 1984 Session Laws of Hawaii.

The Eleventh Amendment bars each of Kane's state law claims against both the State and the defendants in their official capacity.[4]

---

[4] The Eleventh Amendment does not bar all claims against prison officials in their official capacities, and it does not bar claims against state officials sued in their individual capacities. While state officials acting in their official capacities may not be sued in federal court for damages or for violations of state law, they may be sued in federal court for prospective injunctive relief sought in connection with alleged violations of federal law.  *See Pennhurst State School & Hosp. V. Halderman*, 465 U.S. 89, 102 (1984); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).  Kane's Complaint, however, does not appear to seek prospective injunctive relief.  Accordingly, Kane cannot seek damages from the remaining Defendants in their official capacities in federal court under either federal or state law.

7

Accordingly, the State is DISMISSED on all claims.  Claims for damages and claims alleging violations of state law are DISMISSED against all remaining Defendants in their official capacities.   Because the Eleventh Amendment is not a bar that may be cured by the filing of an amended complaint, this dismissal is without leave to amend.

## CONCLUSION

1.   The State of Hawaii is DISMISSED.

2.   Claims for damages and claims alleging violations of state law are DISMISSED against all Defendants in their official capacities.

3.   The claims against the defendants in their individual capacities are not dismissed, and remain in this case; and

4.   Defendant State of Hawaii's Motion to Dismiss is DENIED as moot.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 17, 2006.



J. Michael Seabright
United States District Judge

*Kane v. State of Hawaii, et al.*, Civ. No. 06-00055 JMS/KSC; Order of Dismissal Pursuant to 28 U.S.C. § 1915A and Order Denying as Moot Defendant's Motion to Dismiss; dmp\ Orders 06\kane 06-55#2 (Grt M.dsm Hi)